**William P. MACKAY et al., Appellants,**

**v.**

**James R. CASH, Appellee.**

**No. 16164.**

Court of Civil Appeals of Texas.

Dallas.

April 19, 1963.

Rehearing Denied May 17, 1963.

———◆———

Harold C. Abramson and Palmer & Palmer, Dallas, for appellants.

Marcus & Lewis, Strasburger, Price, Kelton, Miller & Martin, and Royal H. Brin, Jr., Dallas, for appellee.

DIXON, Chief Justice.

This suit involves the interpretation of a written instrument which is the basis of a suit for damages for breach of a contract.

The trial court, holding the contract to be ambiguous, allowed extrinsic evidence to be

received to explain the meaning of the document. Appropriate issues were submitted to a jury. The answers of the jury were favorable to appellee Cash. Based on the jury verdict judgment was rendered in favor of Cash that appellants take nothing. We have concluded that the judgment should be affirmed.

The contract is in the form of a letter as follows:

"March 5th., 1960

"M. & S. Company
c/o Mackay and Company
524 Washington Street
Reading, Penn.

"Gentlemen:

"Pursuant to our telephone conversation this letter will serve to confirm our agreement.

"This letter will serve as instruction to Registrar and Transfer Company, Transfer agents of Casco Chemical Corporation common stock, to deliver to M. & S. Company 25,000 shares of James R. Cash stock after the time of escrow which is October 12, 1960.

"This stock is for investment purposes only and is conveyed at a cost of .40¢ per share or a total of $10,000.00.

"It is also understood that from date of payment of said $10,000.00, I will re-purchase this option for .45¢ a share or $11,250.00 in 60 days from M. & S. Company.

"Thank you,

"JAMES R. CASH"

Pursuant to the terms of the contract Cash placed the 25,000 shares of stock in escrow and was paid $10,000.00. Thereafter he declined to repurchase the stock, claiming that the contract did not unconditionally bind him to repurchase, but was merely an option to repurchase.

■ Appellants have briefed five points on appeal, but none of them can be sustained if the fourth paragraph of the written contract is ambiguous. We believe that it is. Therefore it was proper to receive extrinsic evidence to ascertain the true meaning of the contract. Smith et al. v. Allison et al., 157 Tex. 220, 301 S.W.2d 608; Mathews v. Ryan, Tex.Civ.App., 320 S.W.2d 44. McCormick and Ray Texas Law of Evidence, Vol. 2, page 527. The peculiar language " * * * I will repurchase this option * * *" needs clarification if it is to be understood and the intention of the parties made certain.

Appellants' view is that the use of the word "repurchase" is unconditional; that the stock would continue to be held in escrow for a matter of months in accordance with S.E.C. regulations; that appellants had no present right to the stock, but only a right to it after the S.E.C. regulations were complied with; and that while the stock was in escrow appellants could only resell and Cash could only repurchase appellants' right, or "option" to the stock. Appellants also say that the contract was intended merely as a loan agreement. The jury did not accept appellants' view.

■ It will be observed that most of the above facts upon which appellants rely to support their position are not apparent from the written contract itself. It was necessary for appellants to introduce and they did introduce extrinsic evidence in their effort to show that the contract is properly to be construed as they claim. In introducing such evidence appellants took a position wholly inconsistent with their present position that the contract is unambiguous. Since they themselves introduced evidence to explain the true meaning of the contract they are not in position to complain because appellee did so.

Appellants' points on appeal are overruled.

The judgment of the trial court is affirmed.